DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| GABRIEL H.T. LAU, Employee, Department of Education, | CIVIL CASE NO. 16-00042 |
| Plaintiff, | |
| vs. | **ORDER** re Motion to Dismiss |
| JOHN FERNANDEZ, Employee, ANTONETTE SANTOS, Employee, and DEPARTMENT OF EDUCATION for the GOVERNMENT OF GUAM, | |
| Defendants. | |

This matter is before the court on a Motion to Dismiss, filed by the Defendants on August 8, 2016. *See* ECF No. 11. The parties have not requested oral argument, and the court does not believe that a hearing on the matter is necessary.[1] For the reasons set forth below, the court grants the Motion to Dismiss in part but grants the Plaintiff leave to file an amended complaint.

## BACKGROUND

On May 16, 2016, the Plaintiff, who is proceeding *pro se*, initiated this action by filing an

---

[1] The court has been advised that when the parties appeared at a preliminary pretrial conference before the Magistrate Judge, counsel for the Defendants requested that the Motion to Dismiss be set for oral argument. Pursuant to CVLR 7(i),

> Unless otherwise ordered by the Court or where required by statute or the federal rules, all motions shall be decided by the Court without oral argument. A party desiring oral argument shall file a request for oral argument no later than seven (7) days following the last day a reply brief would be due.

CVLR 7(i). To date, no written request for hearing has been filed with the court.

1   "Intentional Tort Claim," *see* ECF No. 1, which the court has construed as the "Complaint."

2   Therein, the Plaintiff appeared to assert a tort action against the Defendants for alleging that the

3   Plaintiff "intentionally provided a false statement, deception, or fraud" in his application, which

4   resulted in the Plaintiff's non-selection for employment with the Guam Department of Education

5   ("GDOE"), as evidenced by a letter dated April 2, 2014, from Antonette Muna-Santos, a Personnel

6   Administrator with GDOE. *Id.* and Attachment B thereto. The Plaintiff appears to find support in

7   bringing this action based on a letter dated March 23, 2016, from the Attorney General of Guam

8   stating "that [the Plaintiff] may claim the above or any employees [were] involved to (sic) the tort."

9   *Id.* and Attachment A thereto.

10      On August 8, 2016, the Defendants filed the instant Motion to Dismiss, along with the

11  supporting declaration of Jesse N. Nasis. *See* ECF Nos. 11-12. Said motion sought the dismissal

12  of this action on the following grounds: (1) lack of subject matter jurisdiction, (2) improper venue,

13  (3) insufficient service of process, and (4) failure to state a claim. Mot. Dismiss at 5-8, ECF No. 11.

14      On August 12, 2016, the Plaintiff filed an Opposition to the Motion to Dismiss. *See* ECF

15  No. 15. Therein, the Plaintiff stated that he was "obtaining a more responsible and reliable lawyer

16  who is willing to accept the case on a contingent basis" and that said lawyer "will be making all the

17  corrective actions and amendments for the claims and complaint." *Id.* at 2. To date, no lawyer has

18  entered an appearance on behalf of the Plaintiff.

19      On January 12, 2017, the Plaintiff filed what he captioned "New Discoveries Additional for

20  Opposition to Defendant's Motion to Dismiss" (hereinafter, "Additional Opposition"). *See* ECF

21  No. 22.[2] Therein, the Plaintiff appeared to raise additional facts and arguments in support of his

22  claims against the Defendants.

23      On February 14, 2017, the Defendants filed an Objection to Plaintiff's Additional

24  Opposition. *See* ECF No. 26. The Defendants stated that the Plaintiff never served them with a

---

25      [2] The Plaintiff never sought permission from the court to file this additional opposition.

26  *See* CVLR 7(h) ("No further or supplemental brief shall be filed without leave of [c]ourt."). The
    Plaintiff is proceeding *pro se*, so the court will excuse the Plaintiff noncompliance with the court's

27  Local Rules this time. The court, however, warns the Plaintiff to comply with all applicable rules

28  or risk the imposition of sanctions and/or the dismissal of this action.

1  copy of the Plaintiff's Opposition or the Additional Opposition.[3]  Accordingly, the Defendants

2  requested that the court either strike or not consider the Plaintiff's filings. *Id.* at 2.

3                                          **DISCUSSION**

4          The Defendants have raised various arguments in support of their Motion to Dismiss.  The

5  court will address each of these arguments, but not necessarily in the order the arguments were

6  raised in the motion.

7          1.  <u>Service of Process</u>

8          The Defendants argue that dismissal is warranted under Rule 12(b)(4) of the Federal Rules

9  of Civil Procedure because the Plaintiff failed to serve the Defendants with a copy of the Motion

10 for Default Judgment[4] which was filed by the Plaintiff on July 6, 2016.  Mot. to Dismiss at 6-7, ECF

11 No. 11.  According to the Defendants, Rule 5[5] of the Federal Rules of Civil Procedure requires the

12 Plaintiff to serve the Defendants with the Motion for Default Judgment, but he failed to do so. *See*

13  Decl. Jesse N. Nasis at ¶1, ECF No. 12.  On this basis, the Defendants assert that dismissal is

14 warranted.  The court believes there has not been sufficient service of process, but not for the reason

15 asserted by the Defendants.

16         "A federal court is without personal jurisdiction over a defendant unless the defendant has

17 been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. and Sur. Co. of America v.*

18 *Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.

19 1986)).  Under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, a party may

20 bring a motion to dismiss for insufficiency of process and services of process.  Where the validity

21

22         [3]  Although the Plaintiff is proceeding without the assistance of a lawyer, he is responsible
23  for educating himself on the requirements of the Federal Rules of Civil Procedure and the Local
    Rules of this court.  Pursuant to Fed. R. Civ. P. 5(a)(1) and CVLR 7(f)(1), an opposition brief must
24  be served upon an opposing party.

25         [4]  The Plaintiff's filing was actually captioned a "Motion to the Judgment by Default," but,
26  for purposes of this Order, the court will refer to said motion as the "Motion for Default
    Judgment."

27         [5]  Pursuant to Rule 5, "a written motion, except one that may be heard *ex parte*" "must be
28  served on every party."  Fed. R. Civ. P. 5(a)(1)(D).

1    of service is contested, the burden is on the plaintiff to establish its validity of service. *Brockmeyer*

2    *v. May*, 383 F.3d. 798, 801 (9th Cir. 2004). Assuming insufficiency of process or insufficiency of

3    service of process, the court has discretion to dismiss an action or simply quash service. *See SHJ v.*

4    *Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) *citing Stevens v. Security*

5    *Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ( "the choice between dismissal and quashing

6    service of process is in the district court's discretion.").

7            Motions authorized by Rules 12(b)(4) and 12(b)(5) permit a defendant to challenge

8    departures from the proper procedure for service in addition to the contents of a summons.  The

9    difference between Rule 12(b)(4) and 12(b)(5) is not always clear.  Objections under Rule 12(b)(4)

10   concern the form of process rather than the manner or method of its service. *See* 5B Charles Alan

11   Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed. 2004).  A Rule

12   12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable

13   provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Id.*  A

14   Rule 12(b)(5) motion, on the other hand, challenges the method of service – or lack thereof – of the

15   summons and complaint. *Id.*

16           While the Defendants argue that the Plaintiff's failure to serve them with the Motion for

17   Default Judgment justifies dismissal under Rule 12(b)(4), court disagrees since the Defendants are

18   not challenging the Plaintiff's compliance with Rule 4(b).  Instead, dismissal may be more

19   appropriate under Rule 12(b)(5), since the Defendants also note that the Plaintiff has not served

20   them with a copy of the Complaint *and* the summons as required by Rule 4(c).[6]  *See* Jesse Nasis

21   Decl. at ¶5.  The Plaintiff has not refuted this assertion that he failed to serve the Defendants with

22   a summons when he served them with a copy of the Complaint.

23           As stated above, because of the insufficiency of service of process, the court has the

24   discretion to dismiss an action or simply quash service.  Quashing the Plaintiff's service and

25

26   _____

        [6] Rule 4(c) provides that "[a] summons *must* be served with a copy of the complaint.  The
27   plaintiff is responsible for having the *summons and complaint* served within the time allowed by
     Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ.
28   P. 4(c)(1)  (emphasis added).

1    ordering re-service will not cure the deficiencies of the Complaint in its current form, as will be

2    discussed below.  Accordingly, the court exercises its discretion to dismiss this action instead of

3    simply quashing service of process.

4            2.  Subject Matter Jurisdiction

5            The Defendants also seek dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) and

6    argue that this court lacks subject matter jurisdiction over the Plaintiff's claim.  The Defendants

7    note that the Plaintiff is not suing the United States or a federal agency or officer, nor is there

8    diversity between the parties.  The only basis remaining for this court's jurisdiction is federal

9    question jurisdiction, which exists if this action arises under the Constitution, laws, or treaties of

10   the United States.  28 U.S.C. § 1331.  The Defendants, however, assert that the Plaintiff's claim

11   does not arise under federal law.

12           The Plaintiff, in response, states that his claim is brought under Title VII of the Civil Rights

13   Act of 1964, Title I of the American with Disability Act of 1990 (the "ADA") and Section 504 of

14   the Rehabilitation Act.  *See* Opp'n at 1, ECF No. 15.  The Plaintiff further asserts that this court has

15   jurisdiction over the action pursuant to a Stipulation for Settlement entered into by the Plaintiff and

16   GDOE in a previous lawsuit styled *Gabriel H.T. Lau v. Dep't of Education for the Gov't of Guam*,

17   Civil Case No. 10-00035.  *Id.*  The Opposition further stated that the Plaintiff was "obtaining a

18   more responsible and reliable lawyer who is willing to accept the case on a contingent basis" and

19   that said lawyer "will be making all the corrective actions and amendments for the claims and

20   complaint."  *Id.* at 2.

21           Furthermore, in the Additional Opposition the Plaintiff asserted this court has diversity

22   jurisdiction over the action because he allegedly is a citizen of the state of Hawaii based on the fact

23   that he was naturalized as a citizen there in 1997.  Addt'l Opp'n at 1, ECF No. 22.

24           The Defendants move to dismiss for a lack of subject matter jurisdiction.  Federal courts are

25   court of limited jurisdiction.  Thus, the Plaintiff has the burden of establishing subject matter

26   jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A

27   Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis

28   that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule

1    8(a) of the Federal Rules of Civil Procedure.

2        Pursuant to Rule 8(a)(1), a complaint must contain "A short and plain statement of the

3    grounds for the court's jurisdiction." Here, the Plaintiff's Complaint sets forth no facts establishing

4    a basis for jurisdiction. The Plaintiff's Complaint is comprised of two parts. The first part is

5    captioned "Facts" and consists of three sparse paragraphs with references to Attachments A, B

6    and C. The second part of the Complaint is entitled "Relief" and consists of four brief lines setting

7    forth the relief sought by the Plaintiff. Having reviewed the Complaint in whole, including the

8    attachments, the court finds that it fails to meet the requirements of Rule 8(a)(1) because the

9    Complaint does not contain a short and plan statement of the grounds for this court's jurisdiction.

10   There is nothing on the face of the Complaint and or in the attachments that discusses or mentions

11   the ADA, the Rehabilitation Act, diversity of citizens between the parties, or the court's continuing

12   jurisdiction to enforce a Settlement Agreement. The fact that the Plaintiff may have set forth

13   possible grounds for jurisdiction in his oppositions to the Motion to Dismiss is not sufficient to

14   meet the requirements of Rule 8(a)(1).

15       Additionally, Rule 8(a)(2) requires that a complaint must contain "a short and plain

16   statement of the claim showing that the pleading is entitled to relief." Fed. R. Civ. P. 8(a)(2). In

17   reviewing the Complaint, the court notes that the allegations in the Complaint do not appear to set

18   forth facts that would support a claim under the ADA or the Rehabilitation Act. Instead, the

19   Plaintiff appears to allege some sort of defamation claim. The Complaint alleges a "tort" that is

20   "based on the April 2, 2014 letter stat[ing] that [the Plaintiff] intentionally provide[d] false

21   statements, deception or fraud in the application process." Compl. at 1, ECF No. 1. Aside from

22   this statement, the court finds a complete absence of any other allegations on the face of the

23   Complaint to support the tort claim.

24       "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly,

25   the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on

26   having the defect called to its attention or on discovering the same, must dismiss the case, unless

27   the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). Leave

28   to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A

1    complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set

2    of facts in support of his claims which would entitle him to relief. *Buckey v. Los Angeles*, 968 F.2d

3    791, 794 (9th Cir.), *cert. denied*, 506 U.S. 999 (1992). If the plaintiff appears *pro se*, the court must

4    construe the pleadings liberally and must afford him the benefit of any doubt. *Karim-Panahi v. Los*

5    *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant must be given leave to

6    amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could

7    not be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

8           It is not "absolutely clear" at this time that all the deficiencies in the *pro se* Plaintiff's

9    Complaint cannot be cured against the Defendants, or any of them, by amendment to state the basis

10   for the court's jurisdiction and to assert sufficient factual allegations to support a plausible claim

11   or claims. Accordingly, the court orders that if Plaintiff intends to continue with this litigation, he

12   must file an amended complaint, in compliance with Rule 8(a) of the Federal Rules of Civil

13   Procedure, by March 29, 2017. The amended complaint must contain short and plain statements

14   demonstrating the District Court of Guam has subject matter jurisdiction to adjudicate this action

15   against Defendants and allege sufficient factual content to state a plausible claim on its face for

16   relief against each defendant named therein. The amended complaint must be consistent with all

17   aspects of this Order and comply with al federal and local rules. Failure to so comply may result

18   in the dismissal of this action.

19          3.   Venue

20          The next argument raised by the Defendants is that dismissal is warranted under Fed. R. Civ.

21   P. 12(b)(3) for improper venue. The Defendants assert that this court has no subject matter

22   jurisdiction over the Plaintiff's tort claim and that the proper venue for bringing such a claim is the

23   Superior Court of Guam. The Defendants note that pursuant to Title 5, Guam Code Annotated,

24   Section 6208,[7] an action in tort against the Government of Guam must be brought in the Superior

25

26          [7] This statute is part of the Government Claims Act. *See gen.* 5 Guam Code Ann. § 6101

27   *et seq*. In whole, this statute provides:

28          A claimant may institute an action in contract or tort, for money damages only,

1  Court of Guam.

2      As stated above, it is unclear at this stage what claim the Plaintiff is bringing and what is

3  basis for this court's jurisdiction over said claim. Because the court is allowing the Defendant to

4  file an amended complaint, it is premature at this stage to conclude that the Superior Court of Guam

5  is the proper venue for hearing the Plaintiff's claim(s). Accordingly, the court denies the motion

6  to dismiss for improper venue.

7      4.  Sufficiency of Claims

8      The final argument by the Defendants is that the Government of Guam has sovereign

9  immunity. The Defendants contend that the Plaintiff's "Intentional Tort Claim" against the

10  Government of Guam fails to state a claim upon which relief can be granted since the Government

11  of Guam has not waived its sovereign immunity with respect to intentional torts.

12      The court concurs with the Defendants that the Government of Guam enjoys sovereign

13  immunity against intentional torts. *See Wood v. Guam Power Auth.*, 2000 Guam 18 ("In order for

14  someone to sue the Government of Guam or any governmental agency, sovereign immunity must

15  be waived. . . . The Legislature did not waive sovereign immunity for intentional torts[.]").

16  However, as discussed above, the exact nature of the Plaintiff's claim against the Defendants is

17  unclear. The Defendant is being afforded an opportunity to amend the Complaint, so the court will

18  deny the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

19  _____

20      against the government of Guam in the event the claim is made against a line
21      agency, or against the specific agency involved in the event the claim is made
       against an autonomous agency, in the Superior Court of Guam, provided that:
22          (a) The claimant has been notified by registered or certified mail, return receipt
             requested, that his claim has been rejected in whole or in part; or
23          (b) Thirty (30) calendar days have elapsed since the date of filing a claim for
24          damages to a motor vehicle incurred in an accident involving the motor vehicle
             of the claimant filed exclusively pursuant to § 6105(b), where the aggregate of
25          the claim for the motor vehicle of the claimant, not including any claim, or any
             portion of the claim, for personal injury, is for less than Fifteen Thousand
26          Dollars ($15,000.00); or six (6) months have elapsed since the date of filing any
27          other claim with the Claims Officer.

28  5 Guam Code Ann. § 6208 (2000).

1

## CONCLUSION

2      For the reasons set forth above, the court grants and denies in part the Motion to Dismiss.

3 The Complaint is dismissed without prejudice.   The Plaintiff is ordered to file an amended

4 complaint no later than 30 days from the filing of this Order (March 29, 2017) and to thereafter

5 properly serve a copy of the amended complaint and a summons on each of the Defendants.[8]  The

6 Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action

7 with prejudice and/or the imposition of sanctions as deemed appropriate by the court.

8      In light of the court's ruling, the Defendants' Request for Status Conference, *see* ECF

9 No. 25, is deemed moot.

10

11



      **/s/ Frances M. Tydingco-Gatewood**
          **Chief Judge**
      **Dated: Feb 27, 2017**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

_____

8  The Plaintiff should consult Rule 4 of the Federal Rules of Civil Procedure with regard

28 to effecting proper service.