# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GABRIEL H.T. LAU, Employee, Department of Education, | CIVIL CASE NO. 16-00042 |
| Plaintiff, | **ORDER** |
| vs. | |
| JOHN FERNANDEZ, Employee, ANTONETTE SANTOS, Employee, and DEPARTMENT OF EDUCATION for the GOVERNMENT OF GUAM, | |
| Defendants. | |

Before the court are the following motions: Defendants' Motion to Dismiss and Defendants' Amended Motion to Dismiss. *See* ECF Nos. 49 and 56. For the reasons stated herein, Defendants' Amended Motion to Dismiss is **GRANTED**.[1]

## I. Factual and Procedural Background

On May 16, 2016, the *pro se* Plaintiff initiated this action by filing an "Intentional Tort Claim," *see* ECF No. 1, which the court construed as a "Complaint." Therein, the Plaintiff appeared to assert a tort action against the Defendants for alleging the Plaintiff "intentionally provided a false statement, deception, or fraud" in his employment application, which resulted in

---
[1] In light of the Amended Motion to Dismiss (ECF No. 56), the Motion to Dismiss (ECF No. 49) is hereby **MOOT**.

1

the Plaintiff's non-selection for employment with the Guam Department of Education ("GDOE"), as evidenced by a letter dated April 2, 2014, from Antonette Muna-Santos, a Personnel Administrator with GDOE. *Id.* and Attachment B thereto.

On June 6, 2017, the Plaintiff filed a Motion for Default Judgment. *See* ECF No. 2. On February 27, 2017, the court denied said motion, finding that it was improper for the Plaintiff to file a motion requesting entry of default or default judgment before he had properly served the Defendants. Order at 4, ECF No. 27. Additionally, the court found that entry of default was improper because the Defendants had filed a timely response to the Complaint. *Id.*

On August 8, 2016, the Defendants filed a Motion to Dismiss. ECF No. 11. On February 27, 2017, the court granted in part said motion. ECF No. 28. The court found that the Complaint did not contain a short and plain statement of the grounds for this court's jurisdiction, nor did it set forth any facts that would support a claim under certain federal laws (such as Title VII of the Civil Rights Act of 1964, Title I of the American with Disability Act of 1990 and Section 504 of the Rehabilitation Act) that the Plaintiff alleged the Defendants violated. *Id.* at 6. Accordingly, the court dismissed the Complaint without prejudice and ordered the Plaintiff to file an amended complaint no later than March 29, 2017. *Id.* at 9.

On March 8, 2017, the Plaintiff filed a Motion to Appoint Counsel, ECF No. 32, which this court denied on March 21, 2017. ECF No. 35.

On March 30, 2017, the Plaintiff filed a Motion for Voluntary Dismissal. ECF No. 36. On April 25, 2017, the court issued an Order granting the Motion for Voluntary Dismissal of this action without prejudice. ECF No. 39.

On July 20, 2017, the Plaintiff wrote to the court requesting that the court "enter a judgment for the entitlement as prevailed party." ECF No. 41. Therein, the Plaintiff claimed he was "entitled to claim $150,000 [in] attorney fee[s]" and other compensation because he asserts

2

he was the prevailing party in this action. The court denied the Plaintiff's motion on July 25, 2017. ECF No. 42.

On November 1, 2018, the Plaintiff filed a "Re-submission of Complaints 'Intentional Tort' and/or 'Tort of negligence'" (hereinafter "Re-submission of Complaints"). ECF No. 45. Therein, the Plaintiff reiterates the same allegations made in his previous filings: violations of the American with Disability Act of 1990 and Title VII of the Civil Rights Act of 1964, as well as emotional distress. ECF No. 45.

On November 27, 2018, the Plaintiff filed a "Re-submission of Complaints as 'Intentional Tor' and/or 'Tort of negligence' Amended Complaints" (hereinafter "Amended Complaints"). ECF No. 51. Therein, the Plaintiff added an allegation of a violation of Section 504 of the Rehabilitation Act of 1973.

The allegations contained in the "Re-submission of Complaints" and the "Amended Complaints" are all the same allegations contained in previous filings dismissed by this court on February 27, 2019, ECF No. 28.

The Defendants filed the instant Motion to Dismiss the "Re-submission of Complaints," ECF No. 49, and the instant Amended Motion to Dismiss to include therein the dismissal of the "Amended Complaints" and lack of diversity argument, ECF No. 56.

**II. Discussion**

Defendants' Amended Motion to Dismiss sets forth the following arguments: lack of jurisdiction and improper venue; and failure to state a claim on several grounds. *See* ECF No. 56.

The gist of Plaintiff's complaint is that Defendants engaged in discriminatory and retaliatory practices when GDOE did not hire Plaintiff for employment under the pretext that he lied on the "Suitability Determination Form." ECF No. 51, at 3. As such, Plaintiff also alleges that GDOE violated the Stipulation for Settlement entered into by GDOE and Plaintiff in *Lau v.*

*Department of Education for the Government of Guam*, District Court of Guam Civil Case No. 10-00035, ECF No. 86. *See* ECF No. 51, at 4. Based on these, Plaintiff claims a violation of the following federal laws: Title VII of the Civil Rights Act of 1964, Title I of the American with Disability Act of 1990, and Section 504 of the Rehabilitation Act. *Id.* at 6-7.

As context, in *Lau v. Department of Education for the Government of Guam*, District Court of Guam Civil Case No. 10-00035, the parties entered into a Stipulation for Settlement and agreed, *inter alia*, that GDOE would place the Plaintiff on the eligibility list for DOE positions and that DOE would not base any future hiring decisions relating to the Plaintiff's application for future employment on any prior terminations of the Plaintiff or on any of the Plaintiff's past performance. Civil Case No. 10-00035, ECF No. 86 at 6.

In that case, Plaintiff alleged a violation of the stipulation when GDOE did not offer him the position he applied and interviewed for, despite a recommendation by the interviewer to the GDOE Administration. Civil Case No. 10-00035, ECF No. 93. The letter of his non-selection, dated April 2, 2014, stated that he was not selected for the position because he "intentionally provide[d] false statements, deception, or fraud in the application process." Civil Case No. 10-00035, ECF No. 94, Ex. C. Specifically, it stated that Plaintiff was not truthful on the Suitability Determination Form when Plaintiff indicated on the form that he was not discharged from employment. *Id.*

This court found in that case that GDOE was not in violation of the stipulation, because "[a]lthough the Plaintiff insists [G]DOE declined to hire him because of his prior termination of November 2008, the evidence presented reveals that the Plaintiff was not selected for the position because the Plaintiff provided false information on the Suitability Determination form." Civil Case No. 10-00035, ECF No. 123 at 5. That decision stands.

In the instant case, Plaintiff's basis for his complaint, despite having been styled as a tort

claim, boils down to his non-selection of a GDOE position in 2014.

Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). *Id.* at 678-79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id.* at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id.* at 679.

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id.* at 679.

Here, aside from Plaintiff's statements of his non-selection and conclusory statements of a violation of Title VII of the Civil Rights Act of 1964, Title I of the American with Disability Act of 1990 and Section 504 of the Rehabilitation Act, the court finds a complete absence of any other allegations on the face of the "Re-submission of Complaints" and the "Amended Complaints" to support the tort claim and the claim of federal law violations.

Moreover, this court gave the Plaintiff the opportunity to amend his original complaint and cure the defects by stating sufficient facts to support his claims, but he has failed to do so.

Accordingly, Defendants' Amended Motion to Dismiss the above-captioned case is hereby **GRANTED**.

III. Conclusion

Based on the foregoing, the case is **DISMISSED**.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Oct 15, 2019**